# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1361V

| | |
|---|---|
| REGINA A. DISANTIS,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: July 8, 2025 |

*Caitlyn Shea Malcynsky, Walsh Woodward, LLC,* West Hartford, CT, for Petitioner.

*Alec Saxe,* U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On September 23, 2022, Regina A. Disantis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration a defined Table injury and also caused-in-fact injury, after receiving the influenza vaccine on October 3, 2019. Petition, ECF No. 1. On June 26, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $12,528.93[3] (representing $11,386.90 in fees plus $1,142.03 in costs). Application for Attorneys' Fees and Costs ("Motion") filed January 8, 2025, ECF No. 31. Furthermore, counsel represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on January 17, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 32. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 33.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

---

[3] It appears that there is a typographical error regarding the total amount of fees and costs actually incurred in this case. Petitioner's Motion requests $12,501.37 in fees and costs (See ECF No. 31 at 1), but the billing records submitted in support thereto reflect a greater total: $12,528.93. *Id.* at 31-1 and 31-2. I hereby note the correct amount incurred.

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner has requested that I apply the following hourly rates for work performed in this matter:

|  | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| Caitlyn S. Malcynsky | $338 | $355 | $366 | $386 | $475 |
| Paralegals | $163 | $172 | $177 | $186 | $197 |

The paralegal rates proposed herein are reasonable and shall be adopted. But the rates proposed for attorney Malcynsky require further evaluation.

Ms. Malcynsky represents that she has been a licensed attorney for seven years (ECF No. 31-3 at 3), placing her in the range of attorneys with less than four years' experience for her time billed in 2020, and in the range of attorneys with 4-7 years' experience for her time billed in the 2021-24 timeframe, based on the OSM Attorneys' Fee Schedules.[4] Ms. Malcynsky's overall experience makes her eligible for hourly rates between $169.00 - $253.00 per hour for work performed in 2020, and $266.00 - $407.00 for work performed between 2021-24. But the rates proposed for years 2020 and 2024 exceed the applicable ranges given Ms. Malcynsky's overall experience, and all rates fall on the *highest end* of the experience ranges, despite her lack of significant experience handling Program matters (with this appearing to be her first Vaccine Act case to reach the fees stage).

Experience with Program cases is highly relevant to what hourly rates an attorney should receive. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in

---

[4] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

the legal community and community at large). It would therefore be improper for her to receive rates on the highest end of the Fee Schedules, when those rates are established for comparably-experienced counsel who *also* have lengthy experience representing Petitioners in the Program.

Thus, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I find it reasonable to award Ms. Malcynsky the following hourly rates: $225.00 for work performed in 2020; $266.00 for work performed in 2021; $296.00 for work performed in 2022; $305.00 for work performed in 2023; and $345.00 for work performed in 2024.** These rates take into account Ms. Malcynsky's limited Vaccine Act experience, placing her within the appropriate range based on the OSM Fees Schedules. Ms. Malcynsky will be eligible for higher rates in the future, however, as she demonstrates more experience representing petitioners in the Vaccine Program.

**Application of the foregoing reduces the amount of fees to be awarded by $1,555.10**.[5]

*B. Litigation Costs*

I have reviewed the requested costs. Petitioner has provided supporting documentation for the majority of claimed costs, with the exception of $68.96 in costs incurred for copying, postage and medical records. ECF No. 34-1. I will nevertheless reimburse all costs in full, since the unsubstantiated amount is not particularly large. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed (or denied) award for failure to include the required supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[6] Respondent offered no specific objection to the requested costs.

---

[5] This amount is calculated as follows: ($338.00 - $225.00 = $113.00 x 1.10 hrs.) + ($355.00 - $266.00 = $89.00 x 2.00 hrs.) + ($366.00 - $296.00 = $70.00 x 3.20 hrs.) + ($386.00 - $305.00 = $81.00 x 5.80 hrs.) ($475.00 - $345.00 = $130.00 x 4.30 hrs.) = $1,555.10.

[6] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $10,973.83 (representing $9,831.80 in fees plus $1,142.03 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.